**GNLV CORP., a Nevada Corporation, Appellant,**

v.

**Gene JACKSON, Appellee.**

No. 10–87–014–CV.

Court of Appeals of Texas, Waco.

Aug. 27, 1987.

Rehearing Denied Sept. 17, 1987.

David A. Coggin, Burleson, for appellant.

Michael S. Griffin, Michael J. Rogers & Ben Hill Turner & Associates, P.C., Cleburne, for appellee.

## OPINION

THOMAS, Justice.

The court permanently enjoined GNLV Corp., a Nevada corporation, from enforcing a Nevada judgment against Gene Jackson, a Texas resident, because the judgment would offend Texas public policy against enforcing a gambling debt. A state cannot deny full faith and credit to another state's judgment solely on the ground that it offends the public policy of the state where it is sought to be enforced. *See Fauntleroy v. Lum,* 210 U.S. 230, 28 S.Ct. 641, 643, 52 L.Ed. 1039 (1908). Therefore, the judgment will be reversed.

GNLV, a Nevada corporation, obtained a $58,202.36 judgment against Gene Jackson in Nevada, and then filed an authenticated copy of the judgment with the district clerk of Johnson County, Texas, under the Uniform Enforcement of Foreign Judgments Act. *See* Tex.Civ.Prac. & Rem.Code Ann. § 35.003(a) (Vernon 1986). Jackson filed a motion to enjoin enforcement of the judgment on the ground that it would violate Texas public policy against enforcing a gambling debt. The parties stipulated that the Nevada judgment was based on a gambling debt, that the Nevada court had jurisdiction of the subject matter and of Jackson, and that the judgment was final. The court permanently enjoined GNLV from enforcing the Nevada judgment on the ground that it violated Texas public policy.

Texas has a well-established public policy of not recognizing or enforcing rights arising from gambling transactions. *See Castilleja v. Camero,* 414 S.W.2d 424, 427 (Tex.1967). However, Texas cannot deny full faith and credit to the Nevada judgment because it offends this public policy. *See Fauntleroy,* 28 S.Ct. at 643. Thus, the court erred when it permanently enjoined GNLV from enforcing the Nevada judgment on the ground of Texas public policy. The judgment is reversed and the cause is remanded for further proceedings.